Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 14 2013, 5:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**RUTH JOHNSON**
Marion County Public Defender Agency
Indianapolis, Indiana

**ERIC SOMMERS**
Certified Legal Intern

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER ROBERTS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1304-CR-199 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Helen W. Marchal, Judge
The Honorable Stanley E. Kroh, Judge Pro Tempore
Cause No. 49G16-1302-FD-10120

**November 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Christopher Roberts ("Roberts") appeals his conviction for Domestic Battery, as a Class A misdemeanor.[1] He presents the sole issue of whether there is sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

Sometime in February of 2001, Roberts began living with Ruth Miller ("Miller") in a romantic relationship. After more than a decade together, the couple parted ways.

On February 10, 2013, Miller was walking on College Avenue in Indianapolis when Roberts attacked her from behind. Roberts grabbed Miller's throat with one hand and her stomach with the other hand, telling her, "In four days we will be together twelve years bitch." (Tr. 38.) Miller used her elbow to strike Roberts in the face; however, he retained his grip on her. Miller then kicked Roberts in the groin, twisting her knee in the process. Roberts toppled over and Miller escaped his grasp. Roberts fled into a nearby vehicle.

Miller went home and summoned police. She reported that Roberts was her assailant. Her injuries, including red marks on her throat, were photographed. The next day, Miller sought treatment at a nearby hospital for an injured knee.

On April 4, 2013, Roberts appeared at a bench trial to face charges of Domestic Battery and Battery. The trial court entered a judgment of conviction upon the Domestic Battery count and sentenced Roberts to 365 days incarceration, with 120 days executed and the balance suspended to probation. Roberts appeals.

---

[1] Ind. Code § 35-42-2-1.3.

**Discussion and Decision**

Roberts was convicted of violating Indiana Code section 35-42-2-1.3, which provides in relevant part:

> (a) A person who knowingly or intentionally touches an individual who … is or was living as if a spouse of the other person as provided in subsection (c) … in a rude, insolent, or angry manner that results in bodily injury to the person … commits domestic battery, a Class A misdemeanor.
>
> . . .
>
> (c) In considering whether a person is or was living as a spouse of another individual … the court shall review:
>
>> (1) the duration of the relationship;
>>
>> (2) the frequency of contact;
>>
>> (3) the financial interdependence;
>>
>> (4) whether the two (2) individuals are raising children together;
>>
>> (5) whether the two (2) individuals have engaged in tasks directed toward maintaining a common household; and
>>
>> (6) other factors the court considers relevant.

Miller testified that Roberts grabbed her and caused her injury. Roberts does not dispute this evidence. Rather, he contends that his conviction should be reversed because the State did not establish beyond a reasonable doubt that he had lived as a spouse with Miller.

When reviewing a claim of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses, but will consider only the probative evidence and reasonable inferences supporting the judgment. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm the conviction unless no reasonable fact-finder could

3

find the elements of the crime proven beyond a reasonable doubt.  Id.  In Williams v. State, 798 N.E.2d 457, 461 (Ind. Ct. App. 2003), we explained that, "we do not believe the legislature intended these factors [of Indiana Code section 35-42-2-1.3] to serve as a litmus test nor do we believe that the list of factors need even be consulted if the character of the relationship is clearly 'domestic.'"

Roberts concedes that he and Miller "had a 10-year long relationship" during which they lived together and shared a bed.  Appellant's Br. at 5-6.  He nonetheless claims there is insufficient evidence that they "lived as spouses" because:  "Roberts never paid any of the bills; Roberts never cleaned or in any way contributed to the maintenance of the household; [and] the two parties had a sexual relationship which Ms. Miller described as 'not normal.'"  Appellant's Br. at 6.  According to Roberts, this is a "marginal case," where an examination of the non-exclusive statutory factors could lead to a conclusion that he and Miller had not lived as spouses.  Appellant's Br. at 7.  Distilled to its essence, Robert's argument is that because he was admittedly a non-contributor, he did not live as if he were Miller's spouse.  He ignores Miller's testimony that she provided for Roberts financially and maintained their joint residence; thus, Roberts was a beneficiary of a domestic partnership.  In sum, there is ample evidence from which the fact-finder could conclude that Roberts had been Miller's domestic partner, albeit an apparently worthless partner.

The State presented sufficient evidence to establish beyond a reasonable doubt that Roberts knowingly or intentionally touched Miller, a person with whom he had lived as if a spouse, in a rude, insolent, or angry manner.

Affirmed.

MAY, J., and BRADFORD, J., concur.